**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DELONTE KINGSBERRY, #230915 | * |
| | * |
| Petitioner | * |
| | * |
| v. | *  Civil Action No. AW-06-2855 |
| | * |
| STATE OF MARYLAND | * |
| | * |
| Respondent | * |
| | * |

oOo

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2254 petition for habeas corpus relief filed by Delonte Kingsberry, an inmate at the Maryland House of Correction. In the petition, Kingsberry challenges his convictions in the Circuit Court for Prince George's County in 1993 for murder, robbery with a deadly weapon, and related offenses. Counsel for Respondent has filed an answer and exhibits seeking dismissal of the petition as time-barred to which Petitioner has filed a reply in opposition.

Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The court finds the petition is time-barred under 28 U.S.C. §2244(d)(1) and will dismiss it by separate order.

**I. Procedural History**

On February 11, 1993, Delonte Kingsberry was convicted by a jury in the Circuit Court for Prince George's County of first degree felony murder, second degree murder, robbery with a deadly or dangerous weapon, robbery, and use of a handgun in the commission of a crime of violence.

Resp. Ex. 1 at 7 & Ex. 2.  On March 11, 1993, the Circuit Court for Prince George's County imposed a life sentence plus a consecutive twenty years incarceration.  Resp. Ex. 1 at 8 & Ex. 2.  By unreported opinion filed on January 11, 1994, the Court of Special Appeals of Maryland affirmed Kingsberry's convictions.  The mandate was issued on February 10, 1994.  Resp. Ex. 1 at 10 & Ex. 2.  The Court of Appeals of Maryland denied certiorari review on March 23, 1994.  Resp. Ex. 3.  Kingsberry did not pursue further review in the United States Supreme Court.  Petition at 3.

On March 11, 2005, Kingsberry commenced post-conviction proceedings in the Circuit Court for Prince George's County.  On December 7, 2005, the court ordered that Kingsberry be credited for 203 days served toward his sentence. Resp. Ex. 1 at 13.  "The petition was denied as to all other respects." *Id.*   The Court of Special Appeals summarily denied Kingsberry's application for leave to appeal by order filed on September 20, 2006, and the mandate issued on October 25, 2006. Resp. Ex. 4.  Kingsbury filed the instant petition for federal habeas corpus relief on October 30, 2006.[1]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions.  *See* 28 U.S.C. § 2244(d). [2]   This one-year period  is tolled while properly filed

---

[1] For the purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), the petition will be deemed to have delivered to prison authorities on the date Kingsberry signed the petition, October 30, 2006.  *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D

[2]  This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

2

post- conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

**III. Analysis**

A one-year grace period applies to habeas petitioners where the conviction became final prior to the date the one-year limitations period went into effect. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996, and expires on April 25, 1997, for convictions which became final before April 24, 1996). In this case, Kingsberry's convictions became final prior to enactment of the limitations period on April 24, 1996. *See Wade v. Robinson,*

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

327 F.3d 328, 2**2**-33 (4th Cir. 2000) (discussing when the judgment of a state court becomes final). Under these facts, the one-year limitations period began to run on April 25, 1996. There were no properly-filed state post-conviction proceedings pending between April 25, 1996, and March 11, 2005 (eight years, eleven months), and between October 25, 2006, and October 30, 2006 (four days), a combined period far in excess of one year. Consequently, the instant petition was filed outside the one-year limitations period.

## IV.  Equitable Tolling

In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Kingsberry blames his late filing on the actions of counsel. In support, he has filed copies of letters received from the Collateral Review Division of the Office of the Public Defender. In his letter to Petitioner dated April 10, 1996, Robert F. Barry, Assistant Public Defender, introduced himself and requested a letter from Kingbury as to why he believed his case was "legally unfair. " On June 21, 1996, Robert Barry informed Kingsberry that he had ordered his case transcript and was reviewing his case. Barry stated that he would attempt to visit Kingsbury in prison to discuss the case. Pet. Reply, Ex. 1 and 2.  In another letter dated November 9, 1998, Barry indicated that

4

he had met with Kingsbury at the Maryland House of Correction-Annex (although he does not state the date), and indicated that there was no "meritorious issue to raise" on your behalf." Pet. Reply, Ex. 3.

Even when Kingbury's arguments are viewed in the light most favorable to him, neither attorney error nor ineffective assistance of counsel generally warrant equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 248-249 (4th Cir. 2003); *Beery v. Ault*, 312 F. 3d 948, 951 (8th Cir. 2002); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under 2254). Petitioner does not allege how counsel's conduct prevented him from complying with the statutory limit or why he waited almost nine years after the limitations period elapsed to file the instant petition.

To the extent the delay in filing the petition is attributed to his lack of understanding of the law and how the period of limitations is calculated, ignorance of the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004 . The facts alleged by Petitioner do not amount to the necessary extraordinary circumstances, external to his own conduct, that warrant equitable tolling of his claims.

**V. Conclusion**

For these reasons, the Petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

Date: January 23, 2007

/s/
Alexander Williams, Jr.
United States District Judge

5